IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

THOMAS JONES      :

v.      :   Civil Action No. DKC 15-0491

WARDEN BOBBY P. SHEARIN, et al.      :

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this civil rights case is the motion to dismiss or, in the alternative, for summary judgment filed by Defendant Amy Conner ("Defendant").[1] (ECF No. 42). The issues have been briefed, and the court now rules, no hearing being deemed necessary. Local Rule 105.6. For the following reasons, Defendant's motion will be granted.

**I. Background**

**A. Factual Background[2]**

In early February 2012, Plaintiff Thomas Jones ("Plaintiff"), an inmate at North Branch Correctional Institution ("North Branch") in Cumberland, Maryland, was reassigned from the D-wing housing unit #2 to the B-wing housing unit #2. (ECF No. 1 ¶¶ 3, 8-9). Defendant, a correctional

---

[1] Ms. Conner was identified in the complaint as "Correctional Officer Connors." (ECF No. 1 ¶ 5).

[2] Unless otherwise noted, the facts outlined here are set forth in the complaint and construed in the light most favorable to Plaintiff.

officer, assigned Plaintiff to the top bunk of cell #19 in the B-wing. (*Id.* ¶ 11). Plaintiff requested the bottom bunk, explaining to Defendant that "being placed on the top bunk[] would place him in danger due to his serious medical condition. Plaintiff simply ask[ed] permission to take the bottom bunk to avoid being injured if he became ill from a seizure." (*Id.* ¶ 12). Plaintiff also showed Defendant his I.D. card, which "clearly indicated 'seizure patient.'" (*Id.* ¶ 13). Defendant examined the I.D. card, but again ordered Plaintiff to take the top bunk, advising him that he would be subject to "disciplinary adjustment" if he refused to comply. (*Id.* ¶¶ 13-14). Plaintiff took the top bunk. (*Id.* ¶ 15).

On February 22, 2012, Plaintiff experienced a seizure while asleep and fell from the top bunk to the floor. (*Id.* ¶ 16). He sustained "several fractured bones in the areas of his hip and face." (*Id.*). Plaintiff underwent three surgeries and may require further treatment as a result of this injury. (*Id.* ¶ 17). He alleges that, due to his fall, he has "suffered severe physical pain, disfigurement, and emotional pain[.]" (*Id.* ¶ 18).

### B. Procedural Background

Plaintiff filed this suit against Defendant and Defendants Bobby P. Shearin, Frank B. Bishop, Jr., and Paul Pennington (collectively "Defendants") on February 20, 2015. (ECF No. 1).

2

Plaintiff asserts one claim under 42 U.S.C. § 1983 for deliberate indifference to medical needs in violation of the Eighth Amendment to the United States Constitution and seeks money damages. (*Id.* ¶¶ 20-26). Plaintiff alleges that "despite having full knowledge of Plaintiff's illness and/or disease, Defendants were deliberately indifferent and disregarded the potential danger by failing to take reasonable measures and not providing a cell that would allow Plaintiff to sleep on a bottom bunk." (*Id.* ¶ 23).

Plaintiff did not notify the court that service was effected upon Defendants within 120 days after the filing of the complaint, and he was ordered to show cause why the complaint should not be dismissed without prejudice pursuant to Fed.R.Civ.P. 4(m) and Local Rule 103.8.a. on July 8, 2015. (ECF No. 9). Plaintiff argued that good cause for the delay existed because Plaintiff's counsel had difficulty with the court's electronic filing system (ECF No. 10), and he was granted an extension until August 24 to effect service (ECF No. 11). Plaintiff served the State Treasurer on August 18, 2015. (ECF No. 18). Subsequently, Plaintiff was ordered to show why that "service" constituted service on Defendants. (ECF No. 19). Plaintiff's response was construed as a motion for an extension to serve Defendants, and Plaintiff was granted another sixty days to effect service. (ECF No. 21). The Maryland Office of

3

the Attorney General accepted service on behalf of Defendants Shearin, Bishop, Jr., and Pennington in December 2015. (*See* ECF No. 22).

On February 19, 2016, Defendants Shearin, Bishop, Jr., and Pennington moved to dismiss or, in the alternative, for summary judgment. (ECF No. 25). Their motion to dismiss was granted on July 14, 2016. (ECF No. 30). At that time, the court ordered Plaintiff to show cause as to why the complaint should not be dismissed as to Defendant Conner pursuant to Fed.R.Civ.P. 4(m) and Local Rule 103.8.a. (*Id.*). Plaintiff responded (ECF No. 31), and, on August 1, 2016, the court granted an extension of time to serve Defendant without prejudice to her right to move to vacate the extension as improvidently granted (ECF No. 32). Defendant was served at North Branch on August 4, 2016. (ECF No. 33).

After receiving her own extensions of time, Defendant filed the instant motion to dismiss or, in the alternative, for summary judgment, on October 6, 2016. (ECF No. 42). Defendant requests that the extension of time to effect service be vacated and the claim dismissed. She also moves to dismiss for failure to state a claim or for summary judgment. Plaintiff filed a response in opposition (ECF No. 47), and Defendant did not reply.

## II. Service of Process

### A. Standard of Review

Defendant requests that the extension granted to Plaintiff to effect service be vacated and the complaint be dismissed pursuant to Fed.R.Civ.P. 12(b)(5). In deciding whether to grant a Rule 12(b)(5) motion, a court may consider affidavits and materials outside the pleadings. *See Davis v. Matroo*, No. 5:13-CV-00233-BO, 2013 WL 5309662, at *2 (E.D.N.C. Sept. 19, 2013) (citing *Dimet Proprietary, Ltd. v. Indus. Metal Protectives, Inc.*, 109 F.Supp. 472, 475 (D.Del. 1952)). When a defendant moves to dismiss for insufficient service, "the plaintiff bears the burden of establishing the validity of service pursuant to Rule 4." *O'Meara v. Waters*, 464 F.Supp.2d 474, 476 (D.Md. 2006).

### B. Analysis

Prior to December 1, 2015, Rule 4(m) provided that: "[i]f a defendant is not served within 120 days after the complaint is filed, the court-on motion or on its own after notice to the plaintiff-must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed.R.Civ.P. 4(m) (2015).[3] However, if a plaintiff "shows good cause for the failure" to comply with the 120-day deadline, Rule 4(m) provides that the time for service must be

---

[3] As of December 1, 2015, a defendant must be served within 90 days. Fed.R.Civ.P. 4(m).

extended for "an appropriate period." It is not entirely clear whether a district court judge has the discretion to grant an extension under Rule 4(m) unless the plaintiff shows good cause. *Mendez v. Elliot*, 45 F.3d 75, 78-79 (4th Cir. 1995); *see also Smith v. Ocwen Loan Servicing LLC*, No. ELH-15-00424, 2015 WL 4092452, at *3 (D.Md. July 6, 2015) (explaining that the "Fourth Circuit appears to have clarified its position" on this issue, and that a district court "ha[s] no discretion under *Mendez* to extend the Rule 4(m) deadline, absent a showing of good cause" (citation omitted)); *Chen v. Mayor of Balt.*, 292 F.R.D. 288, 292-93 (D.Md. 2013) (following a "recent groundswell of cases" in applying the *Mendez* good cause requirement), *aff'd*, 546 F.App'x 187 (4th Cir. 2013) (per curiam). *But see United States ex rel. Moore v. Cardinal Fin. Co., L.P.*, No. CCB-12-1824, 2017 WL 1165952, at *6-*7 (D.Md. Mar. 28, 2017) (noting that "[t]he Fourth Circuit has not clarified the matter in a published opinion since *Mendez*" and "[i]n unpublished opinions since *Mendez*, it has endorsed both sides of the debate"). Even if the court has discretion to extend the period absent a showing of good cause, however, a plaintiff who fails to meet the deadline for service and does not move for an extension within the 120-day period must show excusable neglect in addition to good cause. *Mendez*, 45 F.3d at 79; *see also Martinez v. United States*, 578 F.App'x 192, 193-94 (4th Cir. 2014) (per curiam);

*Moore*, 2017 WL 1165952, at *6 n.9. As will be seen, Plaintiff has shown neither good cause nor excusable neglect.

To establish good cause, the plaintiff must show that reasonable and diligent efforts were made to effect service before the deadline. *Chen*, 292 F.R.D. at 293; *Burns & Russell Co. of Balt. v. Oldcastle, Inc.*, 166 F.Supp.2d 432, 439 n.9 (D.Md. 2001). Good cause may be found, for example, where a defendant is evading service; where the plaintiff experienced difficulty in obtaining a defendant's proper address; where court staff misdirected a *pro se* plaintiff as to the appropriate procedure for service; or where a plaintiff was unaware of the defect in service until after the deadline expired. *Hoffman v. Balt. Police Dep't*, 379 F.Supp.2d 778, 786 (D.Md. 2005). The common thread in all of these examples is the interference of some outside factor preventing the otherwise-diligent plaintiff from complying with the rule. *See Burns*, 166 F.Supp.2d at 439 n.9.

In his response to Defendant's motion to dismiss, Plaintiff asserts that he attempted to serve Defendant through counsel in December 2015 by certified mail. (*See* ECF Nos. 47-1, at 3; 31, at 2). When the Attorney General did not accept service on behalf of Defendant because Plaintiff had misspelled Defendant's name in the complaint, Plaintiff was led to believe that Defendant no longer worked at North Branch. (ECF No. 47-1, at

3). Plaintiff now acknowledges that this belief was mistaken, but contends that Defendants' actions were to blame. He argues that there was good cause for the extension of time to serve Defendant because he had "incomplete identifying information." (ECF No. 31, at 2 n.2).

The Attorney General was not required to accept service on behalf of Defendant, and Plaintiff has not shown that "the interference of some outside factor prevented [him] from complying with" the time limits for service.[4] *Burns*, 166 F.Supp.2d at 439 n.9. Even if the refusal to accept service constituted evasive or misleading conduct on behalf of the Defendant, *see id.*, Plaintiff has not shown that he made reasonably diligent efforts to effect timely service. Plaintiff has put forward no evidence of any attempt to serve Defendant in the seven months between the Attorney General's acceptance of service for the other defendants in December 2015 and the court's show cause order on July 14, 2016 (ECF No. 30). As Plaintiff notes, "[u]pon further investigation, Plaintiff was able to locate and positively identify defendant Officer Amy

---

[4] Although not raised in his opposition to the motion to dismiss, Plaintiff asserted in his response to the order to show cause that North Branch officials had "intercepted, confiscated and destroyed" legal documents that "would have revealed Defendant Conner's identity." (ECF No. 31, at 1 n.1, 2 n.2). There is no evidence to support this contention, and it is undisputed that Plaintiff has not been incarcerated at North Branch since February 21, 2014 (*see* ECF No. 42-3, at 32-34), nearly a year before this case was filed.

Conner and serve her with a summons and complaint via private processor." (ECF No. 47-1, at 3). It appears that Plaintiff did not undertake this investigation until July 22, 2016 (*see* ECF No. 31-1), after the court issued the show cause order, and Plaintiff offers no explanation for his delay in doing so. He has also not shown that he made any attempt to serve Defendant at North Branch prior to August 4, 2016-nearly eighteen months, or 531 days, after the filing of his complaint. Defendant submitted a declaration in support of her motion stating that she has been continuously employed at North Branch since 2009 and has made no effort to avoid service. (ECF No. 42-6 ¶ 5). She declares that she first became aware that service of process was desired on August 4, 2016, when she was contacted at North Branch while on duty, and she voluntarily accepted service at that time. (*Id.*).

Plaintiff has not shown that he undertook reasonable and diligent efforts to effect service. He bears the burden of showing good cause, and has not done so here. Even assuming that *Mendez* is no longer good law and the court has the discretion to grant an extension absent a showing of good cause, it "would still need to have some reasoned basis to exercise its discretion and excuse the untimely service: the Court must give some import to the rule." *Hoffman*, 379 F.Supp.2d at 786. If a plaintiff "'made no effort' to effect service by the deadline"

or "offers no explanation for his failure," there is no such "reasoned basis" for the court to exercise any discretion it may have. *Moore*, 2017 WL 1165952, at *8 (quoting *Lehner v. CVS Pharmacy*, No. RWT 08cv1170, 2010 WL 610755, at *3 (D.Md. Feb. 17, 2010)). Here, Plaintiff appears to have made only one attempt to effect service prior to the deadline and has offered no explanation. Even if a showing of good cause were unnecessary, there is no reasoned basis for the court to excuse the untimely service.

Moreover, Plaintiff did not request an extension until well after the time period expired and he has not shown excusable neglect. *See* Fed.R.Civ.P. 6(b)(1)(B) ("When an act may or must be done within a specified time, the court may, for good cause, extend the time on motion made after the time has expired if the party failed to act because of excusable neglect."); *see also Martinez v. United States*, No. DKC-13-0237, 2013 WL 6858860, at *2 (D.Md. Dec. 26, 2013), *aff'd*, 578 F. App'x 192 (4th Cir. 2014) (per curiam). "'Excusable neglect' is not easily demonstrated," *Thompson v. E.I. DuPont de Nemours & Co., Inc.*, 76 F.3d 530, 533 (4th Cir. 1996), and "a party that fails to act with diligence will be unable to establish that [her] conduct constituted excusable neglect," *Martinez*, 578 F.App'x at 194 (alteration in original) (quoting *Robinson v. Wix Filtration Corp., LLC*, 599 F.3d 403, 413 (4th Cir. 2010)). The 120-day time period for

effecting service expired on June 20, 2015. In granting Plaintiff's second motion for an extension of time, the court provided Plaintiff with 60 days from November 24, 2015, until January 23, 2016, to serve Defendants. (ECF No. 21). Plaintiff did not request a third extension of time until the court directed him to show good cause why the complaint should not be dismissed on July 14, 2016, and he has offered no explanation for his failure to obtain an extension during that time. Plaintiff has not shown that he acted with diligence and therefore has not established that his conduct constituted excusable neglect.

Plaintiff has not shown good cause for an extension of time or that his conduct constituted excusable neglect. Accordingly, the extension of time to serve summons will be vacated as improvidently granted, and Plaintiff's claim will be dismissed pursuant to Rule 12(b)(5).

**III. Conclusion**

For the foregoing reasons, the extension of time for service of process will be vacated and Defendant's motion to dismiss will be granted. A separate order will follow.

/s/
DEBORAH K. CHASANOW
United States District Judge